IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| S.P., | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:25-cv-00664** |
| | : | |
| v. | : | **Judge Algenon L. Marbley** |
| | : | |
| **BABU CORPORATION,** *et. al.*, | : | **Magistrate Judge Kimberly A. Jolson** |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

This matter comes before the Court on two separate motions: Defendant Harbhole Inc.'s Motion to Dismiss for Failure to State a Claim (ECF No. 11) and Proposed Intervenor Atain Specialty Insurance Company's Motion to Intervene (ECF No. 21). For the reasons set forth below, Harbhole's Motion is **GRANTED** and Atian's Motion is **DENIED**.

## I.    BACKGROUND

The case *sub judice* arises under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595. Plaintiff S.P., proceeding anonymously, alleges that she was the victim of sex trafficking at the Newark Budget Inn motel located in Newark, Ohio from approximately 2014 through early 2017. (Compl., ECF No. 1 ¶¶ 8, 59). According to S.P., Defendant Babu Corporation owned the Newark Budget Inn until May 2019, when Defendant Harbhole Inc. "acquired the property." (*Id.* ¶¶ 16–17, 20–21). She asserts that Defendant Harbhole is "the successor entity to Babu Corporation and retains successor liability" for Babu's wrongful acts. (*Id.* ¶ 22). She proceeds against both Defendants under the TVPRA for financially benefitting

1

from sex trafficking ventures that they knew, or should have known, were occurring at the Newark Budget Inn. (*E.g.*, *id.* ¶¶ 66–67, 77–81).

Shortly after S.P. filed her Complaint, Harbhole moved to dismiss it pursuant to Rule 12(b)(6). Harbhole argues that S.P. has failed to state a claim against it because, based on her own allegations, her trafficking at the motel ended in early 2017 and Harbhole did not acquire the property until early 2019. (ECF No. 11 at 3–5). S.P. opposed Harbhole's motion, arguing that her Complaint is sufficient as pleaded against Harbhole. (ECF No. 15 at 3–5).

Separately, Atian Specialty Insurance Company moves to intervene in the case. (ECF No. 21). Atian provided commercial insurance to Defendant Babu from December 2015 until December 2017, and is currently defending Babu in this case, subject to a reservation of rights. Now, Atian seeks a declaratory judgment to confirm that it has no obligation to defend or indemnify Babu against S.P.'s claims. (*Id.* at 1–3). Because Atain is presently incurring defense costs, it argues that it has an immediate pecuniary interest in this action. It also argues in the alternative that it should be granted permissive intervention. (*Id.* at 6, 7–8). S.P. opposes Atian's intervention, arguing this Court should reach the same conclusion it has consistently reached in rejecting prior insurer intervention attempts in other sex-trafficking cases. (ECF No. 30 at 2).

Both motions have been fully briefed and are ripe for review.

## II. STANDARD OF REVIEW

### A. Rule 12(b)(6) Motion to Dismiss

Complaints must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party may challenge the sufficiency of a complaint by a motion arguing that the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts evaluating a Rule 12(b)(6) motion to dismiss "construe the

complaint in the light most favorable to the plaintiff, accept [all] allegations as true, and draw all reasonable inferences in [its] favor." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (internal quotation marks and citation omitted).  This favorable treatment of the complaint applies to well-pleaded factual allegations.  Complaints cannot rest on legal conclusions, as "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" are insufficient; similarly, their factual assertions cannot rest on "'naked assertion[s]' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557(2007)).  In sum, the facts must be sufficient to "raise a right to relief above the speculative level," such that the complaint's claims are "plausible on [their] face." *Twombly*, 550 U.S. at 555, 570.

### B.  Rule 24 Intervention

A party may intervene as a matter of right.  Rule 24(a) mandates that courts "must permit anyone to intervene who":  (1) makes a "timely" motion; (2) "claims an interest relating to the property or transaction that is the subject of the action;" (3) "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest"; and (4) has interests that cannot be "adequately represent[ed]" by "existing parties."  Fed. R. Civ. P. 24(a)(2); *see Grainger v. Ottawa Cnty.*, 90 F.4th 507, 513 (6th Cir. 2024) (citing *Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2006) (characterizing the requirements of Rule 24(a)(2) as a four-factor test)).

A party may also request permissive intervention.  Under Rule 24(b), courts "may permit anyone to intervene who" makes a "timely" motion and "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  Courts also consider undue delay and prejudice to the original parties, *id.* 24(b)(3), as well as any other relevant

3

factors when evaluating permissive intervention.  *Bell v. Kasich*, 2017 WL 3172778, at *5 (S.D. Ohio July 25, 2017).  Other relevant factors can include the Rule 24(a)(2) intervention-as-of-right factors.  *Bay Mills Indian Cmty. v. Snyder*, 720 F. App'x 754, 759 (6th Cir. 2018).

### III.    LAW & ANALYSIS

### A.  Harbhole's Motion to Dismiss

According to the Complaint, Babu operated the motel during the entire period of time that S.P. alleges she was trafficked.  (Compl. ¶¶ 17, 59; *see id.* ¶ 67).  S.P. named Harbhole based on her assertion that Harbhole succeeded Babu and assumed Babu's prior liabilities.  (*Id.* ¶ 22).  Harbhole succinctly argues that S.P.'s Complaint must be dismissed because S.P.'s only basis for suing Harbhole is a "bare" legal conclusion that Harbhole is a successor entity to Defendant Babu, the previous owner of the Newark Budget Inn.  (ECF No. 11 at 2).  S.P. counters that her allegations sufficed to put Defendants on notice regarding her TVPRA claims.  She points out a related sex trafficking case before this Court, where plaintiff R.A. alleged a defendant was a successor in liability, and this Court determined that allegation was sufficient.  (ECF No. 15 at 4 (citing *R.A. v. Best W. Int'l, Inc.*, 2025 WL 961502, No. 23-cv-03459 (S.D. Ohio Mar. 31, 2025) (Marbley, J.)).  S.P. argues her allegations here are likewise sufficient.

Not so.  The problem for S.P. is that R.A.'s amended complaint in that case provided some factual allegations to meet the pleading standard.  Compare R.A.'s allegations in that amended complaint with S.P.'s here.  R.A. provided the following:

> Upon information and belief, Witness Investment, LLC, acquired Alliance Hospitality, Inc. *through a 2016 merger and assumed* Alliance Hospitality, Inc.'s *liabilities* regarding the Columbus Best Western.

*R.A.*, No. 23-cv-03459 (ECF No. 11 ¶ 14) (emphasis added).  Thus, R.A. alleged facts regarding a merger that, if taken as true, could suffice to find Witness Investment, LLC liable as a successor for the obligations of Alliance Hospitality, Inc., as Harbhole points out.  (*See* ECF No. 18 at 2).

4

By contrast, S.P. failed to allege facts explaining *how* Harbhole became liable as a successor to Babu's obligations.  S.P. simply takes that outcome as given:

> Harbhole Inc. is the successor entity to Babu Corporation and retains successor liability for the wrongful acts of its predecessor.

(Compl. ¶ 22).   S.P.'s allegations of successor liability against Harbhole are quintessentially conclusory and insufficient. *See Iqbal*, 556 U.S. at 678.  She fails to state a claim because there is no telling how its pleadings can surmount the "universally-accepted general rule" that a corporation purchasing assets from a seller "does not, simply by virtue of the asset purchase transfer, become liable for the obligations of the seller."  *Sofco Erectors, Inc. v. Tr. of Ohio Operating Eng'rs Pension Fund*, 15 F.4th 407, 432 (6th Cir. 2021) (cleaned up); *Mickowski v. Visi-Trak Worldwide, LLC*, 415 F.3d 501, 509–10 (6th Cir. 2005) ("Under Ohio common law, a corporation is not a mere continuation of the corporation whose assets it has purchased, just because it continues to provide the same services.").

When Harbhole moved to dismiss and pointed out the deficiencies in S.P.'s pleadings, S.P. requested leave to amend, and complained that it could not "know the specifics of the successor liability relationship without discovery."  (ECF No. 15 at 5–6).  While that may be true, S.P. cannot rest its pleadings against Harbhole on a lonely legal conclusion.  In other cases, TVPRA plaintiffs sufficiently pleaded successor liability against hotels when they allege factual reasons for why the general rule against such liability would not apply.  For instance, a plaintiff might allege that the successor hotel acquired its predecessor via a merger and implicitly assumed liability.  *S.C. v. Sheraton, LLC*, 2024 WL 1329422, at *7 (D.N.M. Mar. 28, 2024) ("Plaintiff has sufficiently pled there was a merger, which is an exception to the general rule and thus, imposes successor liability."); *see R.A.*, 2025 WL 961502, at *3.  S.P. has not done so here, but an opportunity to amend may cure S.P.'s Complaint of this deficiency.

This Court shall dismiss S.P.'s Complaint against Harbhole with leave to amend pursuant to Fed. R. Civ. P. 15(a)(2), in light of this circuit's "liberality" in permitting amendments to complaints. *Newberry v. Silverman*, 789 F.3d 636, 645–46 (6th Cir. 2015); *accord* 6 Wright & Miller's Federal Practice and Procedure § 1483 (3d ed. 2025). S.P. is reminded that all factual contentions it may levy against Harbhole in any amended complaint must have evidentiary support or be likely to have evidentiary support after further discovery. *See* Fed. R. Civ. P. 11(b)(3).[1]

## B. Atian's Motion to Intervene

Next, this Court turns to Atian's Motion to Intervene. The right to intervene is construed broadly in favor of the movant, and if all four factors of Rule 24(a)(2) are established, "this generally favorable construction transforms into a mandatory allowance of intervention." *Estate of Lewis v. City of Columbus*, 158 F.4th 814, 822 (6th Cir. 2025). Atian argues that its motion must be granted because the motion is timely, Atian's interests are substantial, Atian could be precluded from relitigating issues if its motion is denied, Atian faces ongoing legal expenses, and the present parties do not represent its interests. (ECF No. 21 at 4–7). Atian also argues that even if its motion fails as of right, it should be granted permissively because its sought declaratory judgment arises out of common issues of fact and law. (*Id.* at 7–8). S.P. counters that Atian's argument for intervention as of right fails because a contingent interest based on an insurance contract is not the substantial legal interest required, and Atian's argument for permissive intervention has been repeatedly rejected by this Court. (ECF No. 30 at 4–6).

This Court considers both arguments in turn, and agrees with S.P. First, Atian does not establish all four factors to intervene as of right. S.P. concedes that Atian's motion to intervene is

---

[1] S.P. might take this opportunity to review its Complaint closely and address other apparent inconsistencies in its operative pleading. (*E.g.*, Compl. ¶ 64 (referencing "above-listed hotels" even though it otherwise appears S.P. alleges that her trafficking occurred *only* at the Newark Budget Inn)).

6

timely, (*Id.* at 3), and this Court will accept that as uncontested. *Cf. A.M.G. v. Red Roof Inns, Inc.*, 2025 WL 625771, at *2 (S.D. Ohio Feb. 26, 2025) (Marbley, J.) (finding motion timely where lawsuit was in its early stages, especially given the parties' minimal discussion of the factor). However, for reasons that this Court repeats often, the remaining three factors have not been satisfied. *In re Hotel TVPRA Litig.*, 2026 WL 799293, at *4 (S.D. Ohio Mar. 23, 2026) (Marbley, J.). S.P. is correct that Atian only has a contingent legal interest as Babu's insurer, and not a substantial one, because Atian's insurance interest depends on whether it has obligations under the policy contract and whether Babu is liable in this lawsuit. *Id.* at *3–4 (citing *M.A. v. Wyndham Hotels & Resorts, Inc.*, 2022 WL 622124, at *2 (S.D. Ohio Mar. 3, 2022) (Marbley, J.) (potential insurance issues are irrelevant to TVPRA claims)). Moreover, Atian's ability to protect its interests would not be impaired absent intervention, because it could still pursue separate actions if need be. *Id.* at *3.[2] And Atian has not shown why its contingent interests would not be adequately represented, given that Babu has the same interest in avoiding liability to S.P., and any insurance coverage dispute is tangential to the issue of TVPRA liability. *Id.* at *3–4. Thus, even if Atian's motion is timely, it has not established its right to intervene.

Finally, consistent with its practice in these cases, this Court will not grant Atian permissive intervention. Even if Atian's motion is timely, Atian has failed to articulate common questions of law or fact connecting its insurance contract dispute with TVPRA claims. Moreover, intervention would introduce different legal issues, risk delay, and prejudice the parties. *Id.* at *4–5; *cf. Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 640 (1st Cir. 1989).

---

[2] Insurers seeking to intervene often argue that they could be collaterally estopped from later arguing that the relevant insurance policies did not cover the conduct at issue in the underlying suit if they fail to intervene. But, under Ohio law, "[w]hen a party has sought and been denied intervention, collateral estoppel will not prohibit future litigation of similar issues." *Gehm v. Timberline Post & Frame*, 2007-Ohio-607 ¶ 31 (Ohio 2007). Thus, Atian is incorrect that it cannot protect its interests absent intervention—moving to intervene is sufficient to ensure that it has preserved its legal interests. *In re Hotel TVPRA Litig.*, 2026 WL 799293, at *3 (citing *Gehm*).

## IV.    CONCLUSION

Harbhole Inc.'s Motion to Dismiss (ECF No. 11) is **GRANTED**.  S.P. may file an amended complaint within twenty-eight days of the date of this opinion, and attach as an exhibit a "blackline" of the Amended Complaint against the current Complaint.  *See Kalmbach Feeds, Inc. v. Purina Animal Nutrition, LLC*, 2026 WL 598608, at *5 (S.D. Ohio Mar. 4, 2026) (Marbley, J.). Should S.P. elect not to file an amended complaint at this time, nothing in this opinion precludes S.P. from later requesting leave of the Court to amend.  *See* Fed. R. Civ. P. 15(a)(2).

Atian Specialty Insurance Company's interests have been preserved by virtue of its request to intervene.  Atian's Motion to Intervene (ECF No. 21) is **DENIED**.

Additionally, this Court commends counsel for Harbhole for short yet effective briefing, "since brevity is the soul of wit."  William Shakespeare, Hamlet act 2, sc. 2, l. 90.  But even for briefs that are short and sweet, Harbhole's attorneys are **REMINDED** to adhere to the Local Rules, and ensure their motions have "each page numbered consecutively."  S.D. Ohio Civ. R. 5.1(a).

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  March 24, 2026**

8